**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GLENN LEE HUTCHENS
ADC #91914                                                                        PLAINTIFF

V.                                              4:10CV01077 BSM/JTR

DAVID L. REYNOLDS,
Judge, Faulkner County Circuit Court, et al.                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Glenn Lee Hutchens, who is a convicted prisoner in the Faulkner County Jail, has filed a *pro se* § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355

## II. Discussion

Plaintiff alleges that, in July of 2010, Faulkner County Circuit Judge David L. Reynolds, Prosecuting Attorney Charles Finkenbinder, Public Defender Lynn Plemmons, and Public Defender Keith Faulkner violated his constitutional rights when they negotiated and entered a criminal sentence against him that was "illegal." *See* docket entry #2 at 4. Plaintiff further contends that, soon thereafter, Defendants revoked his probation in violation of several of his constitutional rights. *Id.* By way of relief, Plaintiff seeks the reversal of his criminal sentence and probation revocation.

Plaintiff cannot obtain the reversal of his criminal sentence or probation revocation in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, he can only obtain such relief in a federal habeas action that is filed *after* he has exhausted all of his available remedies in state court. *Id.*, *see also* 28 U.S.C. § 2254. Similarly, Plaintiff cannot obtain monetary damages until his sentences and/or parole revocation have been reversed by the highest state court or a federal habeas court. *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Thus, Plaintiff must first raise his constitutional claims in the highest state court on direct appeal, and if applicable, in post-conviction proceedings. After Plaintiff has properly and fully exhausted all of his available remedies in state court, he may then file a § 2254 habeas petition in federal court. Only if Plaintiff's sentence or probation revocation is reversed in either state court or in a federal habeas case, may he then file a §1983 claim for monetary damages.

## III. Conclusion

---

U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be

DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2.      Dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3       The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

Dated this 9th day of August, 2010.


_____
UNITED STATES MAGISTRATE JUDGE